**Onie Mack JONES, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63179.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 28, 1981.

---

Philip Bozzo, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Carl W. Hobbs, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for obtaining property fraudulently by use of a credit card without the effective consent of the cardholder. The appellant's punishment, enhanced by a prior felony conviction, is imprisonment for ten years.

The appellant in his pro se brief asserts that the indictment is void because it fails to state all of the constituent elements

charged. He says the indictment fails to allege the use of the credit card without the consent of the *cardholder* and it fails to allege to whom he presented the credit card when he allegedly used it.

The indictment here alleges that the appellant did:

" . . . with intent to obtain property and service fraudulently, use a Master Charge credit card owned by Nathaniel Bobino, hereafter styled the Complainant, knowing the use was without the effective consent of the Complainant, and knowing that the credit card had not been issued to the Defendant . . . ."

The offense for which the appellant was prosecuted is that denounced by V.T.C.A. Penal Code, Sec. 32.31(b)(1)(A), which provides:

"A person commits an offense if: with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that: the card . . . is not used with the effective consent of the cardholder."

V.T.C.A. Penal Code, Sec. 32.31(a)(1), provides that:

"For purposes of this section: 'cardholder' means the person named on the face of a credit card to whom or for whose benefit the credit card is issued."

■ Since the facts in this particular case are unusual that may have led to the errors in pleading which were made. The Master Charge credit card which was issued by the Houston National Bank was issued to William Bobino. His name appeared on the face of the card and he was as defined by the statute, the *cardholder.* William Bobino had been dead for eight years when the case was tried. His eighty-nine year old widow Nathaniel Bobino testified that prior to her husband's death they had two Master Charge credit cards which had been issued to her husband, William Bobino. He used one card and she used the other card. After her husband's death Mrs. Bobino destroyed one of the credit cards and continued to use the other card. This was the card that it was alleged the appellant had used without her effective consent.

The appellant is correct. There is no allegation in the indictment naming the cardholder and for that reason the indictment fails to allege a necessary element of the offense required by the statute. The indictment does not allege a criminal offense.

When an indictment made no allegation concerning who the *cardholder* was in a prosecution under a similar statute in the former penal code, the petitioner in *Ex parte Seaton,* 580 S.W.2d 593 (Tex.Cr.App. 1979) was granted habeas corpus relief in an opinion authored by Judge Douglas. It was said in that opinion:

"Barbara Seaton was convicted of theft of a credit card for an act committed on November 28, 1973. Article 1555c of our former Penal Code provided:

" 'A person who takes a credit card from the person, possession, custody, or control of another without the cardholder's consent . . . is guilty of credit card theft.'

"The same article defines 'cardholder' as:

" '[T]he person or organization named on the face of a credit card to whom or for whose benefit the credit card is issued,'

"The indictment charged that Seaton did:

" ' . . . knowingly take a credit card from the person, possession and custody and control of Linda Lusk without the consent of the said Linda Lusk.'

"There is no allegation concerning who the cardholder was and whether the taking was with or without his consent.

\*    \*    \*    \*    \*    \*

"An indictment which fails to allege all of the elements of an offense is void. *Ex parte Abbey,* 574 S.W.2d 104 (Tex.Cr. App.1978); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976). It may be attacked for the first time by post-conviction writ of habeas corpus. *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr.App. 1975).

"We agree with the district court that the indictment does not allege all the elements of an offense. Petitioner is entitled to the relief she seeks."

As we said in *Ex parte Kimberlin*, 594 S.W.2d 438 (Tex.Cr.App.1980) it is difficult to understand why indictments are not more carefully drafted since the indictment is the foundation for the whole criminal proceeding. Since William Bobino was the cardholder under the definition of the statute, he should have been named in the indictment as the cardholder.

■ The State argues that Nathaniel Bobino was alleged to be the owner of the credit card. The State says this is sufficient and that it need not be alleged under the circumstances of this case that William Bobino was the cardholder. The State also argues that in *Johnson v. State*, 541 S.W.2d 619 (Tex.Cr.App.1976) this Court approved the wording of an indictment which was substantially the same as that in the instant case.

The State's reliance on *Johnson v. State*, supra, is not well founded. Whether a "cardholder" may be designated the "owner" of the credit card was not an issue in that case. It has already been pointed out that that decision was in error when it stated that all of the "... constituent elements of the offense were charged in the terms of the statute." *Ex parte Sharpe*, 581 S.W.2d 183 (Tex.Cr.App.1979). If *Johnson v. State*, supra, may be construed to hold that a pleading may allege that a "cardholder" is the "owner" it is overruled, and *Griffin v. State*, 606 S.W.2d 901 (Tex. Cr.App.1980) which does so hold is also overruled.

■ Even if we could agree with the State's position that the allegation that Nathaniel Bobino was the owner of the credit card and that such an allegation of "owner" would substitute for the statutory requirement that the "cardholder" be alleged, a reversal would result because the State did not prove that Nathaniel Bobino was the owner of the credit card. There is a fatal variance because the State proved that the bank issuing the credit card was the owner of the credit card. The State introduced the credit card as its Exhibit No. 1. The card states that the person named on the face of the card is the cardholder and that the card remains the property of the issuing bank. The Houston National Bank which issued this credit card is the owner of the card. The name appearing on the face of the card is William Bobino. He is the "cardholder."

■ Despite the unusual facts in this instance the State should have followed the statute and should have alleged William Bobino was the cardholder. Evidence that William Bobino had been dead for eight years and testimony that Nathaniel Bobino had not effectively consented to the appellant's use of the credit card would have been sufficient to sustain a jury's verdict of guilty. See *Thomas v. State*, 417 S.W.2d 398 (Tex.Cr.App.1967) where the defendant had used a stolen charge-a-plate issued to Earl A. Gillis. Mrs. Gillis testified her husband had been dead twelve years and that she had continued to use the credit cards issued in his name after his death. These cards had been stolen and she did not give Thomas authority to use the charge-a-plate. This evidence was held sufficient to support Thomas' conviction.

■ The appellant also contends that the indictment is fatally defective because it fails to allege to whom he presented the credit card when he allegedly used it to obtain property or services. Whether correctly or not, this Court has held that such an objection to the indictment comes too late when it is made after trial. In *Stribling v. State*, 542 S.W.2d 418 (Tex.Cr.App. 1976) the defendant complained that the information was fatally defective because it did not allege what property defendant obtained by use of the card and by whom such property was obtained. The Court there said:

"The description of the property obtained by use of the card and the identity of the person from whom it was obtained affect the certainty of the allegations and notice, and complaints regarding their sufficiency must be raised in the trial court."

Since the appellant did not make this objection by motion to quash prior to trial, under our holding in *Stribling v. State*, supra, his complaint made for the first time on appeal comes too late. Even if *Stribling v. State*, supra, correctly states the law, a careful prosecutor would allege to whom the credit card was presented.

Because the indictment failed to allege that the credit card was used without the effective consent of the cardholder it was fatally defective and a reversal of the judgment is required. *Seaton v. State, supra.* See V.T.C.A. Penal Code, Sec. 32.31.

The judgment is reversed and the indictment is ordered dismissed.

ODOM, J., concurs in the result.