**Ex parte Andrew WILLIAMS.**

No. 68839.

Court of Criminal Appeals of Texas, En Banc.

Oct. 28, 1981.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under Article 11.07, V.A.C.C.P.

Petitioner was convicted of credit card abuse under the second count of the indictment [See V.T.C.A., Penal Code, § 32.-31(b)(4)] and his punishment was assessed by the court at five (5) years' imprisonment.

Petitioner now alleges the indictment under which he was convicted is fundamentally defective because it fails to allege all the essential elements of the offense in that (1) it does not allege the "cardholder" or "owner," and (2) it fails to allege that the card was received with "knowledge" it had been stolen and with intent to use it without the effective consent of the "cardholder" or issuer.

V.T.C.A., Penal Code, § 32.31(b)(4), reads:

"(b) A person commits an offense if:

"(1) * * *

"(4) he steals a credit card or, with knowledge that it has been stolen, receives a credit card with intent to use it, to sell it, or to transfer it to ¡a person other than the issuer or the cardholder."

Omitting the formal parts, the two-count indictment alleged the appellant in Harris County "on or about JUNE 6, 1979, did then and there unlawfully and knowingly steal a (sic) Exxon credit card owned by LURAL D. WOFFORD, hereafter styled the Complainant, from the possession of the Complainant.

"It is further presented that in Harris County, Texas, ANDREW WILLIAMS, hereafter styled the Defendant, heretofore on or about JUNE 6, 1979, did then and there unlawfully receive a (sic) Exxon credit card owned by the Complainant, with the intent to use the card, knowing the card had been stolen from the Complainant."

At the time of trial the State with the consent of the court waived and abandoned the first count of the indictment. The petitioner thereafter entered a guilty plea before the court to the second count of the indictment and was convicted.

■■■■ Elements of the offenses under V.T.C.A., Penal Code, § 32.31(b)(4), are (1) a person (2) steals a credit card or, (3) knowing it has been stolen (4) receives the card with the intent to (5) use it, sell it, (6) transfer it to a person other than the issuer or cardholder. Branch's Tex.Anno. Penal Statutes 3d ed., Vol. 2, § 32.31, p. 563.

It is sufficient to allege an offense under V.T.C.A., Penal Code, § 32.31(b)(4), if the indictment alleges (1) a person (2) knowing a credit card to have been stolen (3) receives it with intent to use it.

It was not essential to allege the "cardholder" or "owner" or to allege that the receipt of the credit card with intent to use "was without the effective consent of the cardholder or issuer." The indictment did allege knowledge that the card was stolen. Thus the second count of the indictment under which petitioner was convicted sufficiently alleged an offense under V.T.C.A., Penal Code, § 32.31(b)(4). It was not necessary to allege, as the State did, that the credit card was *owned by the complainant* or in alleging knowledge to allege that it was stolen *from the complainant.* The italicized words are surplusage and may be disregarded.[1] In *Collins v. State,* 500 S.W.2d 168 (Tex.Cr.App.1973), this court wrote:

"When not descriptive of that which is legally essential to the validity of the indictment or information, unnecessary words may be rejected as surplusage." See also *Burrell v. State,* 526 S.W.2d 799, 802 (Tex.Cr.App.1975); *Cohen v. State,* 479 S.W.2d 950 (Tex.Cr.App.1972); *Malazzo v. State,* [165 Tex.Cr.R. 441] 308 S.W.2d 29 (Tex.Cr.App.1957); Branch's Ann.P.C., 2d ed., Vol. 1, § 517, p. 497.

Petitioner relies upon *Jones v. State,* 611 S.W.2d 87 (Tex.Cr.App.1981), where it was held that the indictment was fatally defective because it failed to allege that the credit card was used without the effective consent of the cardholder. The conviction there was for obtaining property fraudulently by use of a credit card without the effective consent of the cardholder under V.T.C.A., Penal Code, § 32.31(b)(1)(A).

Said § 32.31(b)(1)(A) reads:

"(b) A person commits an offense if:

"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder; ...."

The elements of such offense are: (1) a person (2) with intent to fraudulently obtain (3) property or service (4) presents or uses (5) credit card (6) with knowledge that it is not used with effective consent of cardholder. See Branch's Texas Ann.Penal Statutes, 3d ed., Vol. III, § 32.31, p. 562.

The element that the card was used without the effective consent of the cardholder is part of the offense under V.T.C.A., Penal Code, § 32.31(b)(1)(A), but is not an element of the offense with which petitioner was charged under V.T.C.A., Penal Code, § 32.-31(b)(4). Reliance upon *Jones* is misplaced.

Appellant's contentions are overruled.

The relief prayed for is denied.

---

1. The complainant is not identified in the allegations in the second count. Since the words "owned by the complainant" and "from the complainant" may be disregarded, we need not decide whether a defect in one count may be cured by incorporating allegations of another count by reference. Cf., however, *Smith v. State,* 571 S.W.2d 917 (Tex.Cr.App.1978).