**Charles ODOM, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68279.**

Court of Criminal Appeals of Texas,
En Banc.

March 10, 1982.

Joe Slator Petsch, Del Rio, for appellant.

Thomas F. Lee, Dist. Atty., Marsha Monroe, Asst. Dist. Atty., Del Rio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

The opinion on original submission is withdrawn. On original submission the Court sustained appellant's only ground of error and held the indictment was fundamentally defective.

The indictment alleged gambling promotion under V.T.C.A., Penal Code Sec. 47.-03(a)(1), which provides:

"(a) A person commits an offense if he intentionally or knowingly does any of the following acts:

"(1) operates or participates in the earnings of a gambling place;"

"Gambling place" is defined in V.T.C.A., Penal Code Sec. 47.01(2):

"(2) 'Gambling place' means any real estate, building, room, tent, vehicle, boat, or other property whatsoever, one of the uses of which is the making or settling of bets, the receiving, holding, recording or forwarding of bets or offers to bet, or the conducting of a lottery or the playing of gambling devices."

The indictment in this case alleged in relevant part that appellant did:

"intentionally and knowingly operate a gambling place, to-wit: a house located at 609 East Thirteenth Street, Del Rio, Val Verde County, Texas, by then and there providing to persons who expressed to CHARLES ODOM, JR., a desire to play poker, the use of the house located at 609 East Thirteenth Street, Del Rio, Texas, together with the use of playing cards, poker chips and poker tables, and said services were provided to said persons by CHARLES ODOM, JR., for a fee . . . ."

On original submission the Court sustained appellant's contention that the indictment was fundamentally defective for failure to allege the names of the persons referred to in the indictment. On reconsideration of the issue we agree with the State's argument that the persons who attend a "gambling place" under Sec. 47.01(2), supra, are not part of the elements of an offense under Sec. 47.03(a)(1), supra, and failure to allege the names of such persons does not render the indictment fundamentally defective.

On original submission we relied on Article 21.07, V.A.C.C.P., which provides in part:

"In alleging the name of the defendant, or of any other person *necessary* to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname . . . ." (Emphasis added.)

This statutory provision states *how* a name should be alleged in those cases where a name must be alleged. It does not state in what circumstances it is necessary to allege the name of other persons. In some offenses it is not necessary to allege the name of anyone other than the defendant. In the recent case of *Ex parte Williams*, 622 S.W.2d 876, (Tex.Cr.App.) this Court in a unanimous en banc decision disposed of a similar contention.

In *Williams* the petitioner was indicted for credit card abuse under V.T.C.A., Penal Code Sec. 32.31(b)(4), which consisted of the elements that (1) a person (2) knowing a credit card to have been stolen (3) receives it with intent to use it. It was held not necessary for the indictment to allege the cardholder or owner because neither of those persons was part of the elements of credit card abuse under Sec. 32.31(b)(4), supra.

Similarly, in this case we hold that the persons patronizing a gambling place are not part of the elements of gambling promotion under Sec. 47.03(a)(1), supra. Neither the definition of the offense in Sec. 47.03(a)(1), supra, nor the definition of "gambling place" in Sec. 47.01(2), supra, makes any reference to persons other than the defendant. Accordingly, it is not essential to allege the names of such persons in the indictment.

The State's motion for rehearing is granted and the judgment is affirmed.