Robert GORDON, Appellant,

v.

The STATE of Texas, State.

No. 2–81–197–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 8, 1982.

Allan K. Butcher, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and M. Eugene Grant, Asst. Dist. Atty., Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from a conviction for obtaining property fraudulently by use of a credit card without the effective consent of

the cardholder. The appellant's punishment, enhanced by a prior felony conviction, is imprisonment for twenty (20) years.

In two grounds of error, appellant asserts that both the indictment and the court's charge were fundamentally defective due to the fact that both included the phrase "intentionally and knowingly". V.A.T.C., Penal Code, sec. 32.31(b), in pertinent part provides:

> With intent to obtain property or services fraudulently he presents or uses a credit card with knowledge that:
> The card, whether or not expired, has not been issued to him and is not used with effective consent of the cardholder.

The indictment before us read in relevant part:

> "(Defendant) ... intentionally and knowingly, with intent to fraudulently obtain property, to-wit: four mag wheels, from Gary D. Merryman, present a J. C. Pennys (sic) credit card # 411–153–155–6 1, with knowledge that the card had not been issued to him, the said defendant, and that said card was not used with the effective consent of the cardholder, Jim R. Bowen".

The jury charge applying the law to the facts read as follows:

> "Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of June, 1980, in Tarrant County, Texas, the defendant, ROBERT GORDON, did then and there intentionally or knowingly, with intent to fraudulently obtain property, to-wit: four mag wheels, from Gary D. Merryman, present a J. C. Penneys' credit card # 411–153–155–6–1, with knowledge that the card had not been issued to him, the said Defendant, and that said card was not used with the effective consent of the cardholder, Jim R. Bowen, then you will find the Defendant guilty as charged."

The appellant contends that the inclusion of the phrase "intentionally and knowingly", expressions of general intent, allowed the jurors to convict on the basis of a general intent rather than the specific intent required under the statute. We find no merit in appellant's contention.

■ The indictment sufficiently tracks the language of V.T.C.A., Penal Code, sec. 32.31. The court's charge properly instructs the jury as to the application of the law to the facts. We fail to see how the inclusion of "intentionally and knowingly" as an introductory phrase would cause the jury to render its verdict upon a general intent rather than the specific intent as required under the statute. Appellant's first two grounds of error are overruled.

■ The appellant also contends that the indictment is fatally defective because it fails to allege to whom the credit card was presented. This same argument has been considered and rejected by the Court of Criminal Appeals in *Stribling v. State,* 542 S.W.2d 418 (Tex.Cr.App.1976) and *Jones v. State,* 611 S.W.2d 87 (Tex.Cr.App.1981). There the Court held that an indictment charging the offense of credit card abuse under V.T.C.A., Penal Code, sec. 32.31, which fails to allege to whom the card was presented would not be fundamentally defective. To whom the credit card is presented is evidentiary in nature. We overrule appellant's third ground.

■ In his last ground of error, appellant contends that the trial court erred in overruling his motion to quash the indictment based on that instrument's use of the phrase "effective consent" which appellant contends is vague and uncertain because the statute at V.T.C.A., Penal Code, sec. 1.07(a)(12), provides multiple definitions. This same argument has been considered and rejected by the Court of Criminal Appeals in *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981). There the court held that the term "effective consent" need not be further clarified and is not subject to a motion to quash.

We overrule appellant's last ground.

Defendant has asserted several grounds of error in his pro se briefs. Two of these grounds merit consideration as a matter of justice.

In his third ground of error appellant contends that the impounding and invento-

ry search of his vehicle and the search of his locked truck were illegal.

Appellant was legally arrested for investigation of theft of license plates and for credit card abuse. Officer Welborn arranged for the car to be impounded since there was no available person to drive it, and he conducted an inventory search at the scene of the arrest.

■ An automobile may be impounded if the driver is arrested and no other person is available to drive or otherwise safeguard the vehicle. *Benavides v. State,* 600 S.W.2d 809 (Tex.Cr.App.1980).

Requirements for an inventory search rest upon the caretaking responsibility a police officer has toward a lawfully impounded automobile.

In *Colorado v. Bannister,* 449 U.S. 1, 101 S.Ct. 42, 66 L.Ed.2d 1 (1980), the U. S. Supreme Court held that officers who had probable cause could search a car where it was stopped on the scene or after the car was seized and moved to a police station.

■ Police who have probable cause for a vehicle search under the automobile exception to the Fourth Amendment warrant requirement may search, without a warrant, every part of that vehicle and its contents, including closed containers, that may conceal the object of the search. *U. S. v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

■ The officer's inventory search which led to the discovery of contraband was clearly within the allowable scope. Further, none of the seized contraband was admitted into evidence, although testimony was offered which described the seized items. Appellant's third ground of error is overruled.

In his fourth ground of error appellant contends that he was denied his Sixth Amendment right to counsel in that his attorney failed to contact a witness with an alibi, failed to file certain pre-trial motions prepared by appellant, and failed to aid appellant in preparing his own defense.

■ A court will not judge by hindsight the trial decisions of an attorney when those decisions follow accepted legal strategy and when, in the context of the time when they were made, they appeared to be in the best interest of the client. *Vessels v. Estelle,* 376 F.Supp. 1303, *aff'd* 494 F.2d 1295, *cert. denied,* 419 U.S. 969, 95 S.Ct. 234, 42 L.Ed.2d 185 (1974).

■ The adequacy of a counsel's assistance is based on the totality of counsel's representation and the test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonable effective assistance" standard, and such determination is based upon the totality of counsel's representation. *Passmore v. State,* 617 S.W.2d 682 (Tex.Cr.App. 1981).

■ A thorough review of the case discloses that defendant's attorney provided his client with reasonably effective counsel which was well within the standard requirement by law. He submitted numerous pretrial motions and otherwise vigorously presented defendant's defense.

We find no error based on the effectiveness of defendant's counsel.

Ground number four is overruled.

Judgment affirmed.