

R.K. Weaver, Dallas, for appellant.

Gary A. Moore, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, WHITHAM and DEVANY, JJ.

AKIN, Justice.

Jimmy Rene Jefferson appeals his conviction by a jury for credit card abuse. The jury set his sentence at the maximum permitted by law, ten years confinement in the Texas Department of Corrections and a fine of $5,000. In three grounds of error, appellant contends: (1) that the trial court erred in refusing to submit appellant's issue on duress; (2) that the evidence is insufficient to support the verdict; and (3) that the indictment is fundamentally defective because of failure to indict under the more specific offense of forgery. We agree with appellant's contention that there is insufficient evidence to support his conviction under this indictment. Consequently, we reverse the judgment of the trial court.

The indictment in this case states, in pertinent part:

> ... that Jimmy Rene Jefferson ... did then and there unlawfully ... knowingly and intentionally use and present a SEARS temporary credit card, number [deleted], with knowledge that the card had not been issued to the said defendant, and that the said card was not used with the effective consent *of the cardholder, Imelda Mabrie.* [Emphasis added].

**Jimmy Rene JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00369–CR.**

Court of Appeals of Texas, Dallas.

Dec. 4, 1985.

Rehearing Denied Jan. 8, 1986.

This case involves the use of an "extra" or second credit card bearing the name of someone other than the account holder. The evidence with respect to the credit card in this case all shows that it was issued in the name "Herman A. Mabrie III," not "Imelda Mabrie." However, the account number on the card was that of Imelda Mabrie, and she had not authorized issuance of a card to her brother, Herman A. Mabrie III. It is likely, based on the evidence adduced at trial, that appellant himself obtained this temporary card, using identification cards belonging to Herman A. Mabrie III. There is adequate evidence in the record that appellant's use of the card was without the effective consent of Imelda Mabrie, but insufficient evidence, or no evidence, as to the consent of Herman A. Mabrie III.

Thus, to prove lack of consent of the cardholder, the State was required to prove that Imelda Mabrie was the "cardholder," as alleged in the indictment. The lack of consent and identity of the cardholder are necessary elements of the crime charged in this case. *Williams v. State*, 622 S.W.2d 876, 877 (Tex.Crim.App.1981); *Jones v. State*, 611 S.W.2d 87, 89 (Tex. Crim.App.1981). We hold that, as a matter of law, Imelda Mabrie was not the "cardholder" as defined in the applicable statute, and that as a result there is insufficient evidence to prove the offense charged in this indictment.

The relevant statutory provisions are:

(a) For purposes of this section:

(1) "Cardholder" means the person *named on the face of a credit card* to whom or for whose benefit the credit card is issued.

(2) "Credit card" means an identification card, plate, coupon, book, number, or any other device authorizing a designated person or bearer to obtain property or services on credit. *It includes the number or description of the device if the device itself is not produced at the time of ordering or obtaining the property or service.* [Emphasis added.]

TEX.PENAL CODE ANN. § 32.31(a)(1) and (2) (Vernon 1974). The State concedes that Imelda Mabrie is not the person named on the face of the actual temporary credit card presented to Sears. Nevertheless, the State contends that a credit card may also be the account number alone. When "credit card" is defined in this way, the State argues, there is adequate evidence in the record that Imelda Mabrie's name is on the account number which appellant attempted to use. As a result, the State contends, Imelda Mabrie was the cardholder and there is sufficient proof of her lack of consent. We disagree with the State's construction of the statute.

The second sentence of section 32.31(a)(2) modifies the provision that the account number may be the "credit card." This modification limits the general provision by stating that the term "credit card" includes the "number" of the device if the device itself is not produced when ordering or obtaining the property. The State's evidence in this case shows that the "device itself," the temporary credit card, was presented by appellant when he attempted to obtain the property. Consequently, the number is not the "credit card" for purposes of identifying the "cardholder" here. The State cites no cases, and we have found none, that would construe this statutory language contrary to its plain meaning.

Consequently, there is insufficient evidence in this case to prove lack of consent of the cardholder. Because both lack of consent and identity of the cardholder are necessary elements of the offense alleged in the indictment, we must reverse the judgment of the trial court. We further order the entry of a judgment of acquittal under the authority of *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

Reversed.