Jimmy Rene JEFFERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00369–CR.

Court of Appeals of Texas,
Dallas.

Jan. 8, 1986.

R.K. Weaver, Dallas, for appellant.

Gary A. Moore, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, WHITHAM and DEVANY, JJ.

## ON STATE'S MOTION FOR REHEARING

AKIN, Justice.

On motion for rehearing, the State contends that we have misconstrued sections 32.31(a)(1) and (2), TEX.PENAL CODE ANN. (Vernon 1974). In particular, the State argues that we erred in holding, 701 S.W.2d 323, that the temporary credit card used by appellant in his attempt to obtain property was "the device itself," as that term is used in section 32.31(a)(2). We disagree.

To support its theory, the State relies upon evidence that: (1) the card had ex-pired prior to appellant's attempt to use it; (2) a temporary credit card is not sufficient, under Sears' procedures, to authorize a person to obtain property; and (3) Herman Mabrie III, whose name was on the card, had no right to use the credit account.

■ The fact that the card had expired is irrelevant under that provision of section 32.31 for which appellant was convicted. Section 32.31(b)(1)(A) provides in pertinent part:

(b) A person commits an offense if:
(1) With intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:
(A) the card, *whether or not expired,* has not been issued to him and is not used with the effective consent of the cardholder.... [Emphasis added].

Thus, the fact that the card used had ex-pired does not preclude it from being a credit card, and therefore "the device," under the provisions of this section.

■ The State's next argument is that a temporary credit card alone is not, under Sears' credit procedures, enough to authorize issuance of credit. Thus, the State contends that the temporary credit card could never be a "credit card" and was therefore not "the device" under Section 32.31(a)(2), which provides in pertinent part:

(2) "Credit card" means ... any other device *authorizing* a designated person or bearer to obtain property or services on credit. [Emphasis added].

A credit card, as that term is used in the statute, was intended to include temporary credit cards. Any credit card, alone, does not authorize the extension of credit under the practices of most business people—an authorized signature, secondary form of identification, or some type of computer check is also commonly used. Thus, as the State would have us interpret the word "authorize," the use of any of these prac-tices, or others, would exclude the card being used from the provisions of Section 32.31, since it alone did not authorize the extension of credit. This interpretation

would ignore the intended, plain meaning of the words of the statute; therefore, we reject it.

Finally, the State argues that our interpretation of section 32.31 would mean that, had appellant used his own name in fraudulently obtaining the credit card from Sears, he would be guilty of no crime. This is patently untrue. Appellant could have been indicted under section 32.31(b)(1)(B) for using an expired credit card, and possibly under section 32.31(b)(2) for using a fictitious credit card. Had he used his own name and still claimed authority from Imelda Mabrie, he could have been indicted under section 32.32(b) for making a materially false or misleading written statement on his application to obtain the credit. In short, the State simply indicted this defendant under the wrong statutory provision. Further, any correction in the drafting of section 32.31 must be accomplished through the legislature; we have no authority to change or ignore the plain meaning of the words used in a statute.

The State's motion is overruled.