**Ronnie Lee HARRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00113–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1992.

Peter W. Lewis, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant entered a plea of not guilty to the felony offense of credit card abuse, enhanced by a prior felony conviction. A jury found him guilty as charged and assessed punishment at ten years' confinement. The judgment is affirmed.

On the evening of January 10, 1990, Craig Kubiak was working as a cashier at a Texaco gas station and convenience store when he noticed appellant approaching customers and offering to pay for their gas purchases with a Texaco credit card in exchange for cash. Three times appellant went inside with a customer, handed the credit card to Kubiak, and took the customer's cash. Each time, appellant signed a receipt for the use of the card.

When appellant attempted the same thing a fourth time, Kubiak suspected that the card was stolen and asked appellant to present a driver's license. Appellant ignored this request and walked out of the door.

The complainant, Larry Edward Waltman, testified for the State. Mr. Waltman and his wife, Margie, owned a business by the name of Richardson's Rubber Stamps and, as owners, had care, custody, and control of the property and assets of the business. Mr. Waltman testified that he hired appellant as a delivery driver on November 14, 1989, and provided him with a company car and a Texaco credit card. The card was issued to the business and had the company's name imprinted on its face. Waltman testified that he told appellant that the card was to be used only during working hours and that it was not for personal use. Appellant's work hours were from 8:00 a.m. to 4:30 p.m. The receipt that was electronically produced on

the evening of the alleged offense shows that appellant used the credit card at 8:46 p.m. Appellant was arrested on January 12, 1990, for using the card without the consent of the cardholder, Larry Waltman.

In his first point of error, appellant contends that the evidence was insufficient to show that Larry Waltman was the holder of the Texaco credit card, as alleged in the indictment. The standard for appellate review of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim. App.1989). Under TEX.PENAL CODE ANN. § 32.31(b), a person commits the offense of credit card abuse if:

(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder;

Appellant argues that, since the face of the card was imprinted with the name "Richardson's Rubber Stamp Wks, Inc.," the State failed to establish that Larry Waltman was the cardholder.

TEX.PENAL CODE ANN. § 32.31(a)(1) defines "cardholder" as "the person named on the face of a credit card to whom or for whose benefit the credit card is issued." TEX.PENAL CODE ANN. § 1.07(a)(27) defines "person" as "an individual, corporation, or association." The credit card slips signed by appellant and introduced into evidence show the name of the business where the cardholder's name usually appears on billing statements. Mr. Waltman testified that the card used by appellant had been issued for "delivery purposes or other business purposes." Agnes Wilson, a manager at Richardson's Rubber Stamp Works, Inc., testified that the card was to be used only "for gas, change of oil or if the car needs cleaning." Thus, the evidence shows that the card was issued not for the benefit of Mr. Waltman, but rather for the benefit of the business.

■ Whether the owner of a corporation can be considered a "cardholder" of a card issued to a corporation has not been addressed by Texas courts. The State argues in its brief that the situation is analogous to that of the "special owner" concept in theft cases, which states that a person is the "owner" of corporate property if he has care, custody, and control of the property. *See Roberts v. State*, 513 S.W.2d 870, 872 (Tex.Crim.App.1974); *Moore v. State*, 659 S.W.2d 445, 448 (Tex.App.—Houston [14th Dist.] 1983, no pet.). This same reasoning should be applied to the present case. Larry Waltman qualifies as a "special cardholder" for the purpose of proving credit card abuse.

There is ample evidence that Larry Waltman is the owner of the corporation to which the credit card was issued. Appellant correctly points out that the Court of Criminal Appeals has held that, when proving ownership under the "special owner" theory, proof of a management position alone is insufficient to sustain such allegation absent some showing that the named owner had exercised some degree of care, custody, control, or management over the property allegedly stolen. *Freeman v. State*, 707 S.W.2d 597, 603 (Tex.Crim.App. 1986). Mr. Waltman testified that he and his wife had operated the business since December of 1988 and that they had care, custody, and control of the property and assets of the business. Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could have found that Larry Waltman was a "special cardholder" of the Texaco credit card issued to appellant. Appellant's first point of error is overruled.

In his second point of error, appellant contends that there is insufficient evidence to support a conviction under the charge to the jury. Specifically, he argues that since the court authorized the jury to convict him only if it found that Larry Waltman was the cardholder, and since the evidence showed that the card was issued to Mr. Waltman's business and not to Mr. Walt-

man, such evidence was insufficient to support his conviction.

■ As under appellant's first point of error, the State's evidence established that Larry Waltman was the cardholder. As with the "special owner" concept in theft cases, the concept of "special cardholder" is not an alternate theory by which the offense was alleged to have been committed. Thus, there was no duty to instruct the jury that someone other than the corporation to which the card was issued could be a "cardholder." Even if this were not so, appellant's failure to object to the exclusion of such an instruction waived any error. *McElory v. State*, 667 S.W.2d 856, 864 (Tex.App.—Dallas 1984), *aff'd on other grounds*, 720 S.W.2d 490 (Tex.Crim.App. 1986). This being so, appellant is not entitled to a reversal unless the error is so egregious and created such harm that he has not had a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984). Appellant does not allege, nor does this court find, that the lack of an instruction on the concept of "special cardholder" caused appellant egregious harm. Appellant's second point of error is overruled.

■ In his third and fourth points of error, appellant contends that there is insufficient evidence to prove the prior felony conviction that was used to enhance his punishment. The enhancement paragraph in appellant's indictment alleged that he had a prior conviction for credit card abuse on November 13, 1986. The pen packet offered into evidence by the State shows that appellant was placed on probation on this date. His probation was revoked, and he was sentenced to the penitentiary on May 16, 1989. Where a felony conviction is probated, it becomes final for purposes of enhancement on the date that probation is revoked. *Capuchino v. State*, 389 S.W.2d 296, 299 (Tex.Crim.App.1965); *Cockrell v. State*, 632 S.W.2d 664, 667 (Tex.App.—Fort Worth 1982, pet. ref'd). This error, however, is not reversible. The State does not need to allege the convictions which it uses for enhancement with the same particularity as the primary offense is plead. *Cole v.*

*State*, 611 S.W.2d 79, 80 (Tex.Crim.App. 1981); *Benton v. State*, 770 S.W.2d 946, 947 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). A discrepancy between the date in the allegation and the date in the State's proof is material and fatal only if misleads or surprises the defendant to his prejudice. *Freda v. State*, 704 S.W.2d 41, 42 (Tex.Crim.App.1986); *Brazier v. State*, 748 S.W.2d 505, 509 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); *Benton v. State*, 770 S.W.2d at 947.

■ Here, as in *Benton*, the indictment correctly alleged the cause number of the earlier offense, the convicting court and its location, the name of the offense, and that the offense was a felony. Appellant did not allege, argue, or prove that the variance in the date surprised, misled, or otherwise harmed him. Thus, the error was not fatal.

Appellant further argues that because the sufficiency of the evidence is evaluated in light of the court's instruction to the jury, the jury was authorized to make a finding of "true" to the enhancement allegation only if it found that the prior conviction occurred on November 13, 1986, the date alleged in the indictment. In support of this argument, appellant relies on the Court of Criminal Appeals' decision in *Benson v. State*, 661 S.W.2d 708 (Tex.Crim. App.1982). Because the holding in that case applies to the court's charge in relation to the sufficiency of the evidence to support a conviction, and not to the sufficiency of the evidence to support a finding of "true" to an enhancement allegation in the punishment phase, appellant's reliance on *Benson* is misplaced. Accordingly, appellant's third and fourth points of error are overruled.

The judgment is affirmed.