Ronnie L. HARRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 976–92.

Court of Criminal Appeals of Texas, En Banc.

May 5, 1993.

Peter W. Lewis, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRE-TIONARY REVIEW

MILLER, Judge.

Appellant was charged with the felony offense of credit card abuse pursuant to Tex.Penal Code Ann. § 32.31(b)(1)(A), enhanced by a prior felony conviction. He entered a plea of not guilty. A jury found him guilty as charged and assessed punishment at ten years confinement. Appellant appealed his conviction on four points of error challenging the sufficiency of the evidence relating to the proof of the cardholder as the individual alleged in the indictment and to the jury's finding of true to the enhancement paragraph. The Court of Appeals affirmed his conviction in *Harrell v. State,* 832 S.W.2d 154 (Tex.App.—Houston [14th Dist.] 1992). Appellant brings this petition on three grounds for review challenging the sufficiency of the evidence. We granted review on two interrelated grounds to review the Court of Appeals' determination that sufficient evidence was presented to establish the lack of effective consent of the cardholder, Larry Waltman, as stated in the indictment and jury charge.[1] We will reverse.

---

1. The two grounds for review which were granted, as grouped together by Appellant, are

   (1) The evidence was insufficient to support Appellant's conviction for credit card abuse, where the State failed to prove that the person alleged in the indictment as the credit card holder was the person the credit card had been issued to; and

   (2) The evidence was insufficient to support Appellant's conviction for credit card abuse, where the trial court authorized the jury to convict the Appellant only if they found that the complainant named in the indictment was the credit cardholder, and the State proved at trial that the card was issued to complainant's company.

Appellant was hired on November 14, 1989, as a delivery driver for Richardson's Rubber Stamp Works, Inc., a business owned by the complainant, Larry Waltman. As a delivery driver, Appellant was provided with a company car and a Texaco credit card. The Texaco credit card was given to Appellant to be used only during working hours for gasoline, oil changes, and necessary cleaning. Waltman, the complainant, testified for the State and established that he owned the business, Richardson's Rubber Stamp Works, Inc. The Texaco credit card given to Appellant was issued to Richardson's Rubber Stamp Works, Inc. and had the business' name imprinted on the face of the credit card.[2] The card was to be used for the benefit of the business, and was not for Appellant's personal use. On the evening of January 10, 1990, Craig Kubiak, a cashier for a Texaco gas station and convenience store, observed Appellant approaching customers and offering to pay for their gas purchases with a Texaco credit card in exchange for cash. On Appellant's fourth attempt to charge another customer's gas, Kubiak suspected that the card was stolen and asked Appellant for some identification. Appellant ignored this request and walked out of the store. Appellant was arrested two days later for using the Texaco credit card without the consent of Mr. Waltman.

The application paragraph of the jury charge paralleled the indictment. In relevant part, the charge instructed the jury to find the defendant guilty if they found that the Appellant "did then and there unlawfully with intent to obtain property or service fraudulently, present to Craig Kubiak a Texaco credit card knowing the use was without the effective consent of the cardholder, Larry Waltman...." The jury charge given at trial included the definition of "cardholder" as "the person named on the face of a credit card to whom or for whose benefit the credit card is issued."

Appellant's claim is based on the construction of Tex.Penal Code Ann. § 32.31(a)(1), which defines "cardholder."[3]

The Court of Appeals determined that Larry Waltman was the "special cardholder" of the Texaco credit card issued to his corporation, Richardson Rubber Stamp Works, Inc. The Court created the doctrine of "special cardholder" by establishing an analogy to the "special owner" concept as it is applied in theft cases. *Harrell*, 832 S.W.2d at 156. A "special owner" is an individual who is in custody or control of property belonging to another person. *Roberts v. State*, 513 S.W.2d 870, 872 (Tex. Crim.App.1974). When alleging ownership is necessary to charge a defendant with an offense, it is sufficient to allege ownership in either the owner or "special owner." Tex.Code Crim.Proc.Ann art. 21.08 (Vernon 1992). To show corporate ownership, it is sufficient to allege ownership in the employee who has care, custody, and control of the property, the "special owner." *Roberts*, 513 S.W.2d at 872. By extending the reasoning of the "special owner" doctrine, the Court of Appeals established that the owner of a corporation was a "special cardholder" of a credit card issued to the corporation, for purposes of proving credit card abuse. The Court reasoned that Waltman was in care, custody, and control of the Texaco credit card issued to his corporation, and therefore was a "special cardholder." *Harrell*, 832 S.W.2d at 156. Thus, the Court of Appeals held the evidence to be sufficient to support Appellant's conviction.

Appellant claims that the evidence is insufficient to support his conviction because the indictment alleged that the cardholder was Larry Waltman and the evidence at trial showed that the card was actually issued to Mr. Waltman's company, Richardson Rubber Stamp Works, Inc. Appellant

2. Although the credit card itself was not introduced into evidence, monthly statements which showed the card issued to "Richardsons Rubber St Wks Inc" were offered as exhibits. Additionally, there was testimony by Margie Waltman that the name on the face of the credit card was "Richardsons Rubber St Wks Inc."

3. Tex.Penal Code Ann. § 32.31(a)(1) defines "cardholder" as "the person named on the face of the card to whom or for whose benefit the credit card is issued."

urges this Court to review the Court of Appeals' decision to determine whether the "special owner" concept should be expanded to allow for the creation of a "special cardholder" doctrine as applied to the facts in this case. Appellant argues that this is not an appropriate extension of the "special owner" concept to apply to this situation to determine "ownership" of a credit card for purposes of credit card abuse.

The State argues that the Court of Appeals logically extended the reasoning of the "special owner" concept in creating the "special cardholder" doctrine as applied to the facts in the case at bar. The State points out that the "special owner" concept has been consistently recognized by this Court. *See Roberts v. State*, 513 S.W.2d 870, 872 (Tex.Crim.App.1974). The State asserts that Larry Waltman should be considered the "special cardholder" of the Texaco credit card issued to his corporation, Richardson Rubber Stamp Works, Inc., where it has been proven that he has care, custody, and control of the assets of that corporation.

The standard for appellate review of the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Under Tex.Penal Code Ann. § 32.-31(b)(1)(A) the elements of the offense of credit card abuse are (1) a person (2) with intent to fraudulently obtain (3) property or service (4) presents or uses (5) a credit card (6) with knowledge that the card was not issued to him, and (7) with knowledge that it is not used with the effective consent of the cardholder. *See Ex parte Williams*, 622 S.W.2d 876, 877 (Tex.Crim.App.1981) and *Ex parte Mathis*, 571 S.W.2d 186, 187 (Tex.Crim.App.1978). "Cardholder" is defined in § 32.31(a)(1) as "the person named on the face of the credit card to whom or for whose benefit the credit card was issued." "Person" is defined in § 1.07(a)(27) as "an individual, corporation, or association."

The disposition of this case turns upon the construction of the definition of "cardholder." This Court has historically given "cardholder" a strict interpretation and application. We disagree with the reasoning of the Court of Appeals. The facts of this case do not present an appropriate situation to create a "special cardholder" doctrine. Strictly applying the Court of Appeals' analogy to these facts, Appellant, and not Larry Waltman, was the individual who had care, custody, and control of the Texaco credit card. In *Jones v. State*, a widow was using her deceased husband's credit card, and it was this card that it was alleged the defendant used without the widow's effective consent. 611 S.W.2d 87 (Tex.Crim.App.1981). The indictment named her as the cardholder although her husband's name was printed on the face of the card. We reversed, holding, "There is no allegation in the indictment naming the cardholder and for that reason the indictment fails to allege a necessary element of the offense as required by statute. The indictment does not allege a criminal offense." *Id.* at 89. In *Jefferson v. State*, the cardholder identified in the indictment was the account holder, but the credit card that was allegedly used without consent had been issued in another person's name. 701 S.W.2d 323 (Tex.App.—Dallas 1986), on rehearing 705 S.W.2d 717, pet. refused. Recognizing that both lack of consent and identity of the cardholder are necessary elements of the crime charged, the Dallas Court of Appeals held, that "as a matter of law, [the account holder] was not the 'cardholder' as defined in the applicable statute, and that as a result there is insufficient evidence to prove the offense charged in this indictment." *Id.* at 324.

Sufficiency of the evidence must be measured against the jury charge that was given. *Garrett v. State*, 749 S.W.2d 784, 802–03 (Tex.Crim.App.1986). The jury charge in this case specifically named Larry Waltman as the "cardholder." Pursuant to Tex.Penal Code Ann. § 32.31(a)(1), the "cardholder," for purposes of establishing the offense of credit card abuse, was Richardson Rubber Stamp Works, Inc. and not Larry Waltman. It is contrary to the clear language of the statute to maintain

that Larry Waltman was the cardholder, when the evidence presented at trial clearly showed that "Richardson Rubber St Wks Inc" was the name on the face of the credit card. We hold the evidence is insufficient as a matter of law under the charge given to support Appellant's conviction for the State failed to prove that the individual alleged as the cardholder in the jury charge was the person that the credit card had been issued to.[4] Appellant's first and second grounds for review are sustained.

Accordingly, we find from the evidence that the only verdict authorized is one of "not guilty." The judgment of the Court of Appeals is reversed, and we remand this cause to the trial court and order the entry of a judgment of acquittal.

CAMPBELL and OVERSTREET, JJ., dissent.

WHITE, J., dissents and would hold that appellant's petition for discretionary review was improvidently granted, and would dismiss it pursuant to TEX.R.APP.P. Rule 202(k).

---

**4.** As we said in *Ex parte Kimberlin,* it is difficult to understand why indictments are not more carefully drafted since the indictment is the foundation for the whole criminal proceeding. 594 S.W.2d 438 (Tex.Crim.App.1980).