

NUMBER 13-12-00090-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KIMBERLY GILBERT,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

We withdraw our opinion and judgment of January 31, 2013 and substitute the following in its place. Appellant, Kimberly Gilbert, was convicted of credit card fraud, a state jail felony. TEX. PENAL CODE ANN. § 32.31(b)(1)(A) (West 2011). In two issues, appellant challenges the sufficiency of the evidence supporting her conviction. We affirm.

# I. BACKGROUND

The uncontroverted evidence at trial established that appellant gave a credit card to the manager of a gas station to pay for filling two vehicles driven by herself and her adult son, Cody. Both Cody and appellant drove off after filing up but before completing the transaction. The manager immediately tried to use the card, but it was declined. The card had been issued in the name of Shirley Vickery, appellant's aunt. Vickery testified at trial that she had given the card to her brother (appellant's now deceased father) to buy things for his grandsons, but that Vickery later cancelled the card. Vickery testified for the State that only her brother had permission to use the card and that she never gave appellant permission to use it. Vickery also testified that she immediately cancelled the card after appellant failed to return the rental car that appellant's father used the card to allow her to rent and informed her brother that the card was cancelled.

Appellant was arrested, charged, and pleaded guilty to misdemeanor theft. Punishment was assessed at sixty days in jail. While appellant was still incarcerated, the State indicted her for credit card fraud arising out of the same incident. Appellant pleaded not guilty and waived a jury trial. After a bench trial, the trial court convicted appellant and assessed a sentence of four years' imprisonment. This appeal followed.

# II. DISCUSSION

In two issues, appellant challenges the sufficiency of the evidence supporting two of the essential elements of credit card abuse: (1) lack of effective consent of the cardholder; and (2) intent to fraudulently obtain a benefit. TEX. PENAL CODE ANN. § 32.31(b)(1)(A).

## 1. Standard of Review

In evaluating the sufficiency of the evidence supporting a conviction, we view all the evidence in a light most favorable to the verdict and ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact, in this case the trial court judge, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Id.*; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op). "The reviewing court must give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19 (1979)). The State may prove the elements of an offense by either direct or circumstantial evidence. *Id.* In a sufficiency review, "circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.* (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). If the record could support conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687; *see Brooks*, 323 S.W.3d at 899 n.13.

### 2. Applicable Law

We measure the sufficiency of the evidence supporting a conviction "by the elements of the offense as defined by the hypothetically correct jury charge for the case" applied to the particular facts of the case. *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (citing *Malik v. State* 953 S.W.2d 234, 240 (Tex. Crim. App.

1997)).  In this case, the State had to prove that the defendant: (1) with intent to obtain a benefit fraudulently; (2) presented or used a credit card; (3) with knowledge that the card has not been issued to her; and (4) with knowledge that the card is not used with the effective consent of the cardholder.  TEX. PENAL CODE ANN. § 32.31(b)(1)(A).  Intent or knowledge can generally be inferred from the "acts, words, and conduct of the accused."  *Sholars v. State*, 312 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd.).  Knowledge of lack of effective consent of the cardholder in a prosecution for credit card abuse may be shown by circumstantial evidence.  *Lee v. State*, 962 S.W.2d 171, 174 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

### 3. Analysis

In her first issue, appellant argues that the evidence is insufficient to support a finding that she acted with knowledge that she did not have the effective consent of the cardholder when she used the card.  Appellant states in her motion for rehearing that she "raised the issues [sic] that the scienter requirement of credit card abuse extends to the element of lack of effective consent."  Appellant's original brief indeed phrased the issue in the language of a lack of evidence supporting a "culpable mental state," for that element of the offense, but the substance of appellant's argument is that the evidence is insufficient for the trial court judge to find the "without effective consent" element of the offense beyond a reasonable doubt.  Appellant argues in this issue that the only "direct evidence" regarding consent to use the card was appellant's own testimony that Cody told her that Vickery authorized them to use the card to obtain gas.  In any event, appellant does not explain how the "scienter requirement" of the statute—that the accused must intend to fraudulently obtain a benefit—extends to the "without effective

4

consent" element of the offense. Accordingly, we construe appellant's brief on this issue as challenging the sufficiency of the evidence supporting the consent element of the offense.

Appellant reasserts her trial testimony that she did not know the card had been cancelled, the card had been used to purchase necessities for her and her family before, and Vickery had, at one point, used the card "in [appellant]'s presence to secure rental property for her and [appellant]'s children." Appellant argues that "the only direct evidence" relevant to consent to use the card is her own testimony that Vickery told Cody that they could use the card to purchase gasoline.[1] Appellant further testified that she did not specifically ask Vickery because she and Vickery did not get along and because Cody had always been the mediator between them. Appellant also testified that she did not think the card was available to her whenever she needed it, and that she did not know how her son would have permission to use it.[2]

Vickery testified for the State. According to Vickery, she gave the card to her brother, appellant's father, to purchase things for appellant's children, such as school supplies. Vickery testified that her brother "always told me before he used it." Vickery also testified that no one other than her brother had permission to use the card. According to Vickery, the "rental property" appellant referred to in her brief was a car that appellant wanted to rent for a three-day trip to San Antonio; appellant was going to pay the actual rental fee, but her father specifically asked Vickery to permit him to use

---

[1] Appellant specifically testified that she thought she could use the card "[b]ecause my son said that this is what Shirley [Vickery] said for us to get the gas."

[2] In her motion for rehearing, appellant asserts that it is "uncontroverted" that Vickery gave the card to a relative (we assume appellant refers to her father, Vickery's brother) who "gave the card to appellant to make purchases herself with permission." In fact, as we related above, appellant specifically denied at trial that she was ever given the card, and Vickery testified that only her brother was permitted to use the card.

the card as a surety so that appellant could rent the car. The rental company billed Vickery after appellant kept the car for almost two months, and appellant fell behind in her payments to the rental car company. Vickery testified that she immediately cancelled the card after she discovered the charges; she informed appellant's father but did not inform appellant because of their poor relationship.

Appellant does not explain how the State's evidence is insufficient to permit a rational fact-finder to find beyond a reasonable doubt that appellant used the card without the effective consent of the card holder. Appellant essentially adopts her own testimony as the facts of the case; except to cite to Vickery's testimony that she did not specifically inform appellant that the card was canceled, appellant does not address the State's evidence at all. However, the State elicited testimony from the cardholder that appellant did not have permission to use the card in this instance, and in fact no one ever had permission to use the card other than appellant's deceased father. Furthermore, the gas station manager testified for the State that appellant drove off without paying for the gas after distracting her, and never returned to claim the card or pay by another means. *See Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994) ("Evidence of flight or escape is admissible as a circumstance from which an inference of guilty may be drawn"). The only evidence that she did have permission to use the card is her testimony regarding what her son told her, but the trial court judge was free to disbelieve her testimony. *See Garcia*, 367 S.W.3d at 687.

Viewing the totality of the State's evidence in a light most favorable to the verdict, as we must, we conclude that the State produced sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that appellant did not have the

6

effective consent of the cardholder. *See Lee*, 962 S.W.3d at 174. Accordingly, we overrule appellant's first issue.

In her second issue, appellant argues that the evidence is insufficient to establish that she used the card with intent to fraudulently obtain a benefit. *See* TEX. PENAL CODE ANN. § 32.31(b)(1)(A). Appellant argues that the card "was used merely to turn on the pump" and that the evidence does not show that it "was used for purposes of payment." Appellant does not expand on its argument, brief supporting authorities, or otherwise explain how the State's evidence is insufficient to show that she fraudulently obtained a benefit. We conclude that this point of error is inadequately briefed and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i); *see also Lucio v. State,* 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (observing that "this Court is under no obligation to make appellant's arguments" for her). We overrule appellant's second issue.

Appellant's motion for rehearing is denied.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of May, 2013.