

# NUMBER 13-19-00424-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ELIAS ISRAEL GUAJARDO,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

## On appeal from the 377th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

Appellant Elias Israel Guajardo appeals his conviction for possession of a controlled substance (methamphetamine) in an amount more than four grams but less than two hundred grams, with intent to deliver, a first-degree felony. *See* TEX. HEALTH &

SAFETY CODE ANN. §§ 481.102(6), 481.112(d). By one issue, Guajardo argues the trial court erred when it denied his motion to suppress. We affirm.

## I. BACKGROUND

On October 29, 2017, Guajardo was pulled over by Officer Anthony Ramirez of the Victoria Police Department for failing to signal at least 100 feet before taking a right turn. *See* TEX. TRANSP. CODE ANN. § 545.104(b). There were three passengers in Guajardo's car, and Ramirez soon discovered that Guajardo had multiple outstanding warrants. Ramirez called for backup and arrested Guajardo. Officer Joshua Mann, Senior Patrol Officer Cody Balli, and Senior Patrol Officer Troy Gilliam—all of the Victoria Police Department—arrived shortly after. Ultimately, the officers searched the car and found a bag of methamphetamine inside the dashboard, and Guajardo was indicted for the underlying offense.[1] Guajardo filed a motion to suppress the evidence seized during the search, arguing that the contraband was seized "without warrant, probable cause[,] or other lawful authority . . . ."

At the hearing on the motion to suppress, Ramirez testified about the traffic infraction and explained he left the three passengers of the car with the other officers while he transported Guajardo to jail. The State offered a video of the traffic stop recorded by Ramirez's dashboard camera as evidence.

Mann testified that he remained at the scene and questioned one of the passengers, Michelle Garcia. Mann asked Garcia if there was anything illegal in the car, and Garcia told Mann there was marijuana in her purse, which was located on the front

---

[1] The State also alleged in the indictment that Guajardo was previously convicted of two felonies. *See* TEX. PENAL CODE ANN. § 12.42 (enhancing the permissible punishment range for repeat felony offenders).

2

passenger's floorboard. The State introduced the video from Mann's body camera, which showed Mann's interactions with Garcia and Mann's inspection of the vehicle from the outside. In the video, the officers discuss their suspicion that an item inside the car is a credit card skimming device.[2] After Garcia informed Mann of the marijuana in her purse, Mann and Balli searched the vehicle for the purse. Mann explained that the officers noticed that "the trim that goes around the radio . . . was cracked. So we pulled it off, and [a bag of methamphetamine] was on top—sitting on top of the radio." Mann testified that, in his training and experience, the crack in the trim around the radio was indicative of attempts to conceal contraband.

Balli testified that he observed other evidence of illegality within the vehicle once he entered it to retrieve the marijuana, namely, "small electronics, consistent with skimming devices used to capture card information." Balli also stated that the cracked trim in the vehicle's dashboard was indicative of criminal behavior. Balli explained the methamphetamine was in a "zip-up container, like a storage box, that was inside—that little gap between the radio and the other parts of the dashboard."

The trial court denied Guajardo's motion to suppress without issuing findings of fact or conclusions of law. Guajardo then entered into a plea agreement with the State. The trial court accepted the plea agreement; adjudicated Guajardo guilty; assessed punishment at ten years' incarceration in the Texas Department of Criminal Justice Institutional Division, a $2,000 fine, and $180 in restitution; and certified Guajardo's right to appeal the ruling on the motion to suppress. This appeal followed.

---

[2] "A parasitic skimming device is an electronic device that captures credit card account numbers." *United States v. Temple*, 363 Fed. App'x 298, at *1 (5th Cir. 2010) (per curiam). Mann's body cam video ends after Mann asks Garcia about an electronic device in plain view but before the officers searched the car.

## II.    DISCUSSION

By his sole issue, Guajardo argues the trial court erred in denying his motion to suppress because there was no probable cause to search the vehicle and no exception to the warrant requirement of the Fourth Amendment.

## A.    Standard of Review

A criminal defendant who alleges a Fourth Amendment violation bears the burden of producing some evidence that rebuts the presumption of proper police conduct. *Amador v. State*, 221 S.W.3d 666, 672 (Tex. Crim. App. 2007). This burden is met when it is established that a search occurred without a warrant. *Id.* The burden then shifts to the State to prove that the search and seizure was nonetheless reasonable under the totality of the circumstances. *Id.* at 672–73.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We review the trial court's factual findings for an abuse of discretion and review the application of law to the facts de novo. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). When the trial court does not issue findings of fact, as here, findings that support the trial court's ruling are implied if the evidence, viewed in the light most favorable to the ruling, supports those findings. *See id.* Almost total deference is given to the trial court's implied findings, especially those based on an evaluation of witness credibility and demeanor. *Id.* We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

4

**B.    Applicable Law**

Under the Fourth and Fourteenth Amendments, a search conducted without a warrant based on probable cause is per se unreasonable, subject only to a few specifically established and well-delineated exceptions. *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011); *see* U.S. CONST. amend. IV, XIV; *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017); *see also* TEX. CONST. art. I, § 9. "The automobile exception allows for the warrantless search of an automobile 'if it is readily mobile and there is probable cause to believe it contains contraband.'" *Marcopoulos*, 538 S.W.3d at 599 (quoting *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)).

Probable cause exists where the facts and circumstances known to law enforcement officers are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. *Id.* at 599–600. For probable cause to exist, there must be a fair probability of finding inculpatory evidence at the location being searched. *Id.* at 600. A reviewing court should measure this probability by the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Id.* We take into account the totality of the circumstances known to the officers, eschewing a divide-and-conquer or piecemeal approach. *Id.*

**C.    Analysis**

Here, the methamphetamine was seized after a warrantless search of Guajardo's vehicle. Thus, the State was required to establish that the search was reasonable. *See Amador*, 221 S.W.3d at 672–73. The State argues that the search was reasonable due to the "automobile exception" to the warrant requirement. *See Marcopoulos*, 538 S.W.3d at 599; *see also United States v. Ross*, 456 U.S. 798, 825 (1982) (concluding that if there

5

is probable cause justifying the search of a lawfully stopped vehicle, then there is probable cause to search every part of the vehicle and its contents that may conceal the object of the search). Guajardo concedes that the vehicle was readily mobile; thus, the relevant inquiry is whether the officers had probable cause to believe Guajardo's vehicle contained contraband or evidence of a crime. *See Marcopoulos*, 538 S.W.3d at 599.

Mann testified, and his body cam video showed, that Garcia told him there was marijuana in her purse, which was located in the car. This gave the officers probable cause to search the car for the purse. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121.

Whether the officers had probable cause to search behind the dashboard is a separate matter. *See California v. Acevedo*, 500 U.S. 565, 579–80 (1991) ("Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence does not justify a search of the entire cab." (quoting *Ross*, 456 U.S. at 824)). Guajardo argues that the officers only had probable cause to search the purse and not any other compartment in the car, and thus, they did not have probable cause to search behind the dashboard. We are not persuaded. Balli testified that, once the officers entered the vehicle to search for the purse, they noticed other evidence of illegality: specifically, small electronics "consistent with skimming devices used to capture credit card information" and the cracked dashboard trim. Likewise, Mann testified that he noticed the cracked trim, and his body cam video showed that the officers, while standing outside of the vehicle, noticed in plain view an electronic device they suspected was used to steal credit card information.[3] This provided the officer's probable cause to search the hidden

---

[3] In the video, which was recorded before the officers searched the vehicle, Mann questioned Garcia about the device he suspected was a credit card skimming device, and Garcia responded that the device was an old cell phone and that Guajardo was attempting to extract the "memory" from it. The trial

compartment behind the cracked dashboard trim. *See United States v. Price*, 869 F.2d 801, 804 (5th Cir. 1989) ("Once the agents had discovered the secret compartment they had probable cause to search the compartment itself."); *Barnes v State*, 424 S.W.3d 218, 224–25 (Tex. App.—Amarillo 2014, no pet.) ("An officer's observation of contraband or evidence of a crime in plain view inside an automobile can be used to establish probable cause to seize the contraband or evidence."); *see also United States v. Sparks*, 291 F.3d 683, 690–91 (10th Cir. 2002) (collecting cases applying the plain view doctrine and automobile exception in combination to uphold warrantless vehicle searches and explaining that "if an officer has lawfully observed an object of incriminating character in plain view in a vehicle, that observation, either alone or in combination with additional facts, has been held sufficient to allow the officer to conduct a probable cause search of the vehicle.").

First, credit card skimming devices are used to fraudulently copy and use credit cards, which is a crime. *See* TEX. PENAL CODE ANN. §§ 32.21, 32.31, 32.315, 32.51; *Ramirez-Memije v. State*, 444 S.W.3d 624, 625, 627 (Tex. Crim. App. 2014); *Lee v. State*, 962 S.W.2d 171, 173–74 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also United States v. Temple*, 363 Fed. App'x 298, at *1 (5th Cir. 2010) (per curiam); *Garza v. State*, No. 13-09-00059-CR, 2010 WL 3279392, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 19, 2010, no pet.) (mem. op., not designated for publication). Additional evidence of a crime related to the copy and illegal use of credit cards may have been concealed in the hidden space behind the dashboard. *See Arizona v. Gant*, 556 U.S. 332, 347 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity,

---

court was free to disbelief Garcia's statement. *See Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

[then officers may, without a warrant, search] any area of the vehicle in which the evidence might be found"); *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999) ("When there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without showing of individualized probable cause for each one."); *Ross*, 456 U.S. at 825; *see also Villarreal v. State*, 565 S.W.3d 919, 929 (Tex. App.—Corpus Christi–Edinburg 2018, pet. ref'd) (noting that contraband goods "rarely are strewn across the trunk or floor of a [vehicle]").

Second, the existence of a hidden compartment supports probable cause to search. *See United States v. Banuelos-Romero*, 597 F.3d 763, 768 (5th Cir. 2010) ("We have previously held that evidence of a non-standard hidden compartment supports probable cause."); *United States v. Estrada*, 459 F.3d. 627, 633 (5th Cir. 2006) ("[U]nder the law of this circuit, evidence of a hidden compartment supports 'probable cause' for a search/arrest . . . ."); *see also, e.g.*, *Price*, 869 F.2d at 804; *Cardenas v. State*, 857 S.W.2d 707, 716–17 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). Mann testified that, based on his training and experience, a cracked dashboard trim such as the one here is often an indicator of attempts to hide contraband inside the dashboard. *See Keehn*, 279 S.W.3d at 336 (noting that probable cause may be based on officer's training and experience). Balli also testified that a broken dashboard trim such as the one here is indicative of criminal behavior and an attempt to hide contraband. *See id.*

Viewing the totality of the circumstances in the light most favorable to the trial court's ruling, we conclude that the officers had probable cause to search the space in the dashboard behind the cracked trim because they observed evidence of possible crimes in plain view in the vehicle, and they suspected that contraband was hidden in the

8

dashboard. *See Ross*, 456 U.S. at 825 ("When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between . . . glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand."); *Marcopoulos*, 538 S.W.3d at 599 (noting that appellate courts do not employ a piecemeal or divide-and-conquer approach when reviewing whether probable cause to search exists).

We overrule Guajardo's sole issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2020.